(78 Misc. Rep. 364.)

### MERCURY MOTOR CO. v. McKENNA.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

CONTRACTS (§ 350*)—ACTIONS FOR BREACH—EVIDENCE—EXPRESS WARRANTY.
   Evidence in an action to recover for repairs to defendant's automobile *held* not sufficient to show plaintiff's express warranty of the repairs for one year.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1819–1823; Dec. Dig. § 350.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Mercury Motor Company against Henry J. McKenna. From a judgment in favor of the defendant upon a counterclaim entered upon a trial by the court without a jury, plaintiff appeals. Reversed, and new trial granted.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Edgar N. Dollin, of New York City (George B. Keeler, of New York City, of counsel), for appellant.

M. P. O'Connor, of New York City (Armin Kohn, of New York City, of counsel), for respondent.

PAGE, J. The action was brought to recover for certain repairs made to defendant's automobile. The defendant claimed damages for breach of warranty. The defendant took his automobile to the plaintiff, and made arrangements to have it thoroughly overhauled. No arrangement was made as to price, nor is it claimed that any agreement to warrant the work to be done was made at that time. When the work was nearly completed, the defendant called at plaintiff's shop with a friend, who said to defendant, in the hearing of plaintiff's superintendent, that he should have sent the car to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

makers for such extensive repairs, whereupon the superintendent responded that he would guarantee the job, or the car (the defendant's witnesses differ as to this), for a year's time after he finished. The defendant paid the plaintiff $544.85 for these repairs. The defendant brought the car back for repairs several times. Most of them were of trivial nature; but a more serious breaking of the differential plaintiff repaired, and sought to collect the charge therefor from the defendant, who refused to pay. For these repairs this action is brought. Defendant had other repairs made to the automobile within the year, and seeks to recover therefor in the counterclaim. Defendant recovered judgment.

Even if the warranty was made, it was not a part of the original contract, nor was there any new consideration arising at the time that would support it. Defendant's argument that the warranty was made to prevent the taking away of the automobile from plaintiff and sending it to the makers has no foundation in the evidence. No such intention was expressed by the defendant, nor was it shown that he left the automobile with the plaintiff, relying upon the warranty. It may be that plaintiff is liable for some of the subsequent repairs, if they were rendered necessary by the unskillfulness or negligence in the original overhauling of the automobile; but, as the case was tried on the theory of a breach of the express warranty, there is not sufficient evidence upon which to predicate liability for any other cause.

The judgment must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.